IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00029-RM-STV

ASH MEADOWS TOWNHOME
ASSOCIATON, INC.,

       Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

       Defendant.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

NOW COMES Defendant, AmGuard Insurance Company ("AmGuard"), by and through its attorneys, and submits the attached proposed jury instructions and verdict form.

          */s/ Brian E. Devilling*
          MATTHEW S. PONZI
          BRIAN E. DEVILLING
          FORAN GLENNON PALANDECH
          PONZI & RUDLOFF PC
          222 North LaSalle St.
          14th Floor
          Chicago, Illinois 60601
          (312) 863-5000
          bdevilling@fgppr.com
          Attorneys for Defendant

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1

## A. JURY ORIENTATION

**1:1     INTRODUCTORY REMARKS TO JURY PANEL**

Members of the jury, this is the United States District for the District of Colorado. My name is Judge Raymond Moore. I am the judge assigned to preside in this case.

First, I want to tell you about the rules that will govern your conduct during your jury duty, beginning right now, even if you are not finally selected as jurors. If you are chosen as jurors, your job will be to decide this case based solely on the evidence presented during the trial and the instructions that I will give you. You will not be investigators or researchers, so do not attempt to gather any information about this case on your own. Do not read or do research about this case or the issues in the case from any other source, including the Internet. You may not use Google, Bing, Yahoo, or any other type of Internet search engine to learn about any person, place, or thing that is involved in this case. Do not read about this case in newspapers, magazines, or any other publications. Do not listen to any podcasts or television or radio broadcasts about the trial. Do not consult dictionaries; medical, scientific, or technical publications; religious books or materials; or law books. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking sites, Google, Wikipedia, blogs, and other websites.

If you were to violate this rule by receiving outside information about the case, it could force me to declare a mistrial, meaning that the trial would have to start over, and all of the parties' work, my work, and your work on this case would be wasted.

Therefore, it is very important that you not receive outside information about this case, whether it comes from other people, from the media, from books or publications, or from the Internet. You are free to use the Internet, but only for purposes unrelated to this case. Do not search for or receive any information about the parties, the lawyers, the witnesses, the judge, the evidence, or any place or location mentioned. Do not research the law. Do not look up the meaning of any words or scientific or technical terms used. If necessary, I will give you definitions of words or terms.

Also, you are not allowed to visit any place(s) involved in this case. If you normally travel through such a place, you should try to take a different route until I tell you that your jury service is completed. If you cannot take a different route, you must not stop or attempt to gather any information from that location.

Until I tell you that your jury service is complete, do not communicate about the case with anyone, including family and friends, whether in person or by telephone, cell phone, smart phone, computer, Internet, or any Internet service. This means you must not email, text, instant

message, Tweet, blog, or post information about this case, or about your experience as a juror on this case, on any social networking site, website, listserv, chat room, or blog.

When court is not in session, you may communicate about anything other than this case. You may tell others that you are on jury duty and that you cannot talk about this duty until your service is completed, and you may tell them the estimated schedule of your jury duty, but do not tell them anything else about the case. If anyone tries to communicate with you about anything concerning the case, you must stop the communication immediately and report it to the Bailiff, who will notify me.

I will now introduce you to this case.

The case which we are about to try is a civil case and not a criminal case. The party who started this case is called the plaintiff. The opposing party is called the defendant. In this case the plaintiff is Ash Meadows Townhome Association, Inc., and the defendant is AmGuard Insurance Company.

Ash Meadows owns multiple buildings in Westminster, Colorado. AmGuard Insurance Company issued an insurance policy to Ash Meadows covering the buildings on the property against direct physical loss or damage, subject to all terms, conditions, exclusions, and limitations in the insurance policy. Ash Meadows claims that a hail storm struck the property on June 18, 2018. Ash Meadows demanded appraisal under the parties' insurance policy, and AmGuard paid the actual cash value portion of the award. Ash Meadows claims that AmGuard unreasonably denied or delayed payment of insurance proceeds under the parties' insurance policy.

There will be (insert number) jurors in this case. The jury will consider the evidence and reach a verdict with the help of instructions about the law. I will now read you some of the instructions that may apply in this case. These are preliminary instructions about the law and may not be exactly the same as the final instructions about the law you will be given at the end of the case to use in your deliberations. If there is any difference between the preliminary and final instructions, you must follow and be governed by the final instructions in deciding the case. You should not be concerned about any difference between the preliminary instructions and the final instructions. (Insert applicable jury instructions, such as the definition of the burden of proof and any applicable evidentiary standards.)

The jury must decide what the facts are from the evidence you hear and see during the trial.

You have a duty to be fair and impartial.

In this case, the parties are entitled to a jury trial. Trial by jury is part of our American system of justice. Each juror plays an equal and important part in this system. It is your duty to give this case your close attention, absolute fairness, and good judgment.
We estimate that this trial will last 4-5 days.

You will not be required to stay together at noon or at night until the case is finally given to you for your decision.

C.J.I. 1.1.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2

### 3:1     BURDEN OF PROOF AND PREPONDERANCE OF EVIDENCE —DEFINED

1. The plaintiff has the burden of proving its claims by a preponderance of the evidence.

2. The defendant has the burden of proving its affirmative defenses by a preponderance of the evidence.

3. To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.

4. "Burden of proof" means the obligation a party has to prove (his) (her) (its) claim(s) or defense(s) by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

5. If a party fails to meet (his) (her) (its) burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

C.J.I. (Civil) 3:1

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**

**3:4     NO SPECULATION**

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

C.J.I. (Civil) 3.4

## DEFENDANT'S PROPOSED INSTRUCTION NO. 4

### 3:14    SYMPATHY — PREJUDICE

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

C.J.I. (Civil) 3.14

### DEFENDANT'S PROPOSED INSTRUCTION NO. 5

In determining whether AmGuard unreasonably delayed or denied payment, you may consider whether Plaintiff's claim was fairly debatable. If you find that Plaintiff's claim was fairly debatable, this weighs against a finding that AmGuard acted unreasonably.

*Etherton v. Owners Ins. Co*., 829 F.3d 1209, 1226 (10th Cir. 2016) (holding that fair debatability, while not outcome determinative, is relevant to determining whether an insurer acted unreasonably)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6

An insurer is under no obligation to pay a claim when there is a genuine disagreement as to the amount of compensable damages payable under the terms of an insurance policy.

*Wahlert v. Am. Standard Ins. Co. of Wisconsin*, 173 F. Supp. 3d 1187, 1193 (D. Colo. 2016) (citing *Vaccaro v. American Family Ins. Group*, 275 P.3d 750, 759 (Colo.App.2012))

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7

In determining whether BHHIC unreasonably delayed or denied payment, you may consider whether BHHIC reasonably relied on expert opinions in making its claim decision.

*Sipes v. Allstate Indem. Co.*, 949 F. Supp. 2d 1079, 1088 (D. Colo. 2013) (court considered whether insurer reasonably relied on expert reports in making claim decision)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 8

The parties' insurance policy provides as follows:

    3. Replacement Cost

    * * *

    d. We will not pay on a replacement cost basis for any loss or damage:

    (1) Until the lost or damaged property is actually repaired or replaced; and

    (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

If you find that Plaintiff has failed to repair or replace damaged property or failed to repair or replace damaged property as soon as reasonably possible after the loss or damage, Plaintiff's recovery for that damage must be limited to the actual cash value of the damage.

Insurance Policy, pp. 22-23 of 38, Coverage Form BP 00 03 01 10; *Dupre v.Allstate Ins. Co.*, 62 P.3d 1024, 1030 (Colo. App. 2002) ("An insured who does not rebuild or repair is generally entitled only to the actual value of the loss . . . ."); *Canyon Springs at Soaring Eagles Townhome Owners Ass'n, Inc. v. Country Mut. Ins. Co.*, 819 F. App'x 663, 666 (10th Cir. 2020) (insurer's obligation to pay replacement cost benefits is triggered by actual repair or replacement of damaged property).

# DEFENDANT'S PROPOSED INSTRUCTION NO. 9

For Ash Meadows to recover from AmGuard Insurance on its claim of bad faith breach of the insurance contracts, you must find all the following have been proved by a preponderance of the evidence:

1. Ash Meadows had damages;

2. AmGuard Insurance acted unreasonably in denying payment and/or delaying payment of insurance benefits owed for property damage at the Ash Meadows property caused by the hailstorm;

3. AmGuard Insurance new that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable; and

4. AmGuard Insurance's unreasonable conduct was a cause of Ash Meadows' damages.

If you find that any one or more of these four statements has not been proved, then your verdict must be for AmGuard Insurance on this claim.

On the other hand, if you find that all of these four statements have been proved, then your verdict must be for Ash Meadows on this claim.

CJI-Civ. 4th 25:2.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 10

For Ash Meadows to recover from AmGuard Insurance on its claim of unreasonable denial of and/or delay in payment of benefits, you must find all the following have been proved by a preponderance of the evidence:

1. AmGuard Insurance denied and/or delayed payment of benefits to Ash Meadows; and

2. AmGuard Insurance's denial and/or delay of payment was without a reasonable basis.

If you find that either of these statements has not been proved, then your verdict must be for AmGuard Insurance on this claim.

On the other hand, if you find that both statements have been proved, then your verdict must be for Ash Meadows on this claim.

CJI-Civ. 4th 25:4.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 11**

Timm Properties has the burden of proving, by a preponderance of the evidence, the extent of its benefits that were improperly denied and/or delayed. If you find in favor of Timm Properties on its claim under Instruction No. __, you must determine the total dollar amount of the benefits for which payment was denied and/or delayed without a reasonable basis.

CJI-Civ. 4th 25:10.