**STIPULATED JURY INSTRUCTION NO. 1**

Members of the jury, my name is Judge Raymond Moore and I am the judge assigned to preside in this case.

First, I want to tell you about the rules that will govern your conduct during your jury duty, beginning right now, even if you are not finally selected as jurors. If you are chosen as jurors, your job will be to decide this case based solely on the evidence presented during the trial and the instructions that I will give you. You will not be investigators or researchers, so do not attempt to gather any information about this case on your own. Do not read or do research about this case or the issues in the case from any other source, including the Internet. You may not use Google, Bing, Yahoo, or any other type of Internet search engine to learn about any person, place, or thing that is involved in this case. Do not read about this case in newspapers, magazines, or any other publications. Do not listen to any podcasts or television or radio broadcasts about the trial. Do not consult dictionaries; medical, scientific, or technical publications; religious books or materials; or law books. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking sites, Google, Wikipedia, blogs, and other websites.

If you were to violate this rule by receiving outside information about the case, it could force me to declare a mistrial, meaning that the trial would have to start over, and all of the parties' work, my work, and your work on this case would be wasted.

Therefore, it is very important that you not receive outside information about this case, whether it comes from other people, from the media, from books or publications, or from the Internet. You are free to use the Internet, but only for purposes unrelated to this case. Do not search for or receive any information about the parties, the lawyers, the witnesses, the judge, the evidence, or any place or location mentioned. Do not research the law. Do not look up the meaning of any words or scientific or technical terms used. If necessary, I will give you definitions of words or terms.

Also, you are not allowed to visit any place(s) involved in this case. If you normally travel through such a place, you should try to take a different route until I tell you that your jury service is completed. If you cannot take a different route, you must not stop or attempt to gather any information from that location.

Until I tell you that your jury service is complete, do not communicate about the case with anyone, including family and friends, whether in person or by telephone, cell phone, smart phone, computer, Internet, or any Internet service. This means you must not email, text, instant message, Tweet, blog, or post information about this case, or about your experience as a juror on this case, on any social networking site, website, listserv, chat room, or blog.

When court is not in session, you may communicate about anything other than this case. You may tell others that you are on jury duty and that you cannot talk about this duty until your service is completed, and you may tell them the estimated schedule of your jury duty, but do not tell them anything else about the case. If anyone tries to communicate with you about anything concerning the case, you must stop the communication immediately and report it to the Bailiff, who will notify me.

I will now introduce you to this case.

The case which we are about to try is a civil case and not a criminal case. The Party who started this case is called the Plaintiff. The opposing Party is called the Defendant. In this case the Plaintiff is Ash Meadows Townhome Owners Association, Inc., and the Defendant is AmGUARD Insurance Company.

Ash Meadows purchased an insurance policy from AmGUARD Insurance that included coverage for direct physical loss of or damage caused by hail to the Ash Meadows' property, subject to all terms, conditions, exclusions, and limitations in the policies. The policy was effective when a hail storm struck the Ash Meadows property on June 18, 2018, causing damage to the buildings.

AmGUARD produced an estimate totaling $354,608.95 replacement cost value and $133,208.41 actual cash value, and issued a payment to Ash Meadows for $133,208.41, representing AmGUARD's replacement cost value estimate less depreciation and the policy's deductible. Ash Meadows submitted a sworn statement in proof of loss and accompanying estimate totaling $1,007,590.49 replacement cost value and $889,105.56 actual cash value.

After the Parties were unable to reach an agreement on the amount of loss caused by the hail storm, the Parties participated in an insurance appraisal, pursuant to an "Appraisal" provision in the policy, which allows two competent and impartial appraisers to determine the amount of loss caused by the hail storm to the Ash Meadows property. The insurance appraiser for Ash Meadows and the insurance appraiser for AmGUARD signed an appraisal award setting the amount of loss at $993,093.07 replacement cost value and $914,239.84 actual cash value. After applying the policy's per-building deductibles, and deducting for prior payments, AmGuard issued a supplemental payment of $536,730.69.

Ash Meadows has asserted three claims against AmGUARD. In its first claim, Ash Meadows claims that AmGUARD unreasonably delayed payment of coverage benefits owed to Ash Meadows under the insurance contract.  In its second claim, Ash Meadows claims that AmGUARD engaged in a bad faith breach of the insurance contract. In its third claim, Ash Meadows claims that AmGUARD engaged in fraudulent, malicious, or willful and wanton manner in the adjustment of its insurance claim.

AmGUARD contends that it had a reasonable basis for its initial coverage determination and payment, and then timely paid the balance of the appraisal award in satisfaction of its obligations under the insurance policy.

There will be **(INSERT NUMBER)** jurors in this case. The jury will consider the evidence and reach a verdict with the help of instructions about the law. I will now read you some of the instructions that may apply in this case. These are preliminary instructions about the law and may not be exactly the same as the final instructions about the law you will be given at the end of the case to use in your deliberations. If there is any difference between the preliminary and final instructions, you must follow and be governed by the final instructions in deciding the case. You should not be concerned about any difference between the preliminary instructions and the final instructions.

(Insert applicable jury instructions, such as the definition of the burden of proof and any applicable evidentiary standards.)

The jury must decide what the facts are from the evidence you hear and see during the trial.

You have a duty to be fair and impartial. In this case, the Parties are entitled to a jury trial. Trial by jury is part of our American system of justice. Each juror plays an equal and important part in this system. It is your duty to give this case your close attention, absolute fairness, and good judgment. We estimate that this trial will last **(INSERT NUMBER)** days. You will not be required to stay together at noon or at night until the case is finally given to you for your decision.

Source and Authority: CJI-CIV 1:1.

## STIPULATED JURY INSTRUCTION NO. 2

I want to explain briefly to you the method we will use in selecting this jury and some of the reasons for this procedure.

The attorneys and the Court want an impartial jury to decide this case. The Court will be asking questions to find out whether any prospective juror knows any of the parties, witnesses or court personnel, whether he or she has any knowledge or personal interest in the outcome of the case or whether he or she has any bias or prejudice which might wrongfully influence the juror. No question is intended to pry into your personal affairs. If you are not chosen, it is not a reflection on your character nor does it mean that the attorney has anything personally against you. If you know or at any time during questioning you become aware of anything which might prevent you from being completely impartial to both sides, or might otherwise prevent you from serving as a juror, you should immediately raise your hand.

Source and Authority: CJI-CIV 1:3; C.R.C.P. 47(a)(3).

**STIPULATED JURY INSTRUCTION NO. 3**

Members of the Jury, now that you have been sworn to try this case, I will instruct you as to your conduct during the course of this trial. I will first explain the procedure that is usually followed during a trial. Before the trial begins, I will provide you with some preliminary instructions, including some specific instructions on the law that applies in this case to provide you with a framework for the evidence that will be presented.

The attorneys will then have the opportunity to present opening statements. The purpose of opening statements is to give you an outline of each party's claims and defenses. You must remember, however, that what is said in opening statements and all other statements made by the attorneys are not evidence. Your verdict must be based upon the evidence in this case and the instructions regarding the law that governs this case. The evidence usually consists of the sworn testimony of witnesses, the exhibits which are received and any facts which are admitted or agreed to or are judicially noticed.

After the opening statements, Ash Meadows will present evidence in support of its claims and AmGUARD's lawyers may cross-examine the witnesses. At the conclusion of Ash Meadows' case, AmGUARD may introduce evidence and Ash Meadows' lawyers may cross-examine the witnesses. AmGUARD is not required to introduce any evidence or to call any witnesses. If AmGUARD chooses to introduce evidence, Ash Meadows may then present rebuttal evidence.

It is the right of an attorney to object when testimony or other evidence is offered which the attorney believes is not admissible. When I sustain an objection to a question, the jurors must disregard the question and must draw no conclusion from the question nor guess what the witness would have said. If any answer has been given, the jurors must disregard it. When I sustain an objection to any evidence or strike any evidence, the jurors must disregard that evidence. When I overrule an objection to any evidence, the jurors must not give that evidence any more weight than if the objection had not been made. You should not be prejudiced against any party because that party's attorney makes an objection.

During recesses and adjournments of court, you will be free to separate, to eat lunch, and to go home at the end of the day. During these times, you are not to discuss this case with one another or anyone else. Furthermore, you must not talk with any of the parties to this case, their attorneys, witnesses, or representatives of the media until after you have reached your verdict and have been discharged by the Court as jurors in this case.

After the evidence is presented, the Parties' lawyers make closing arguments explaining what they think the evidence has shown. Ash Meadows' attorney will first present his closing argument. Thereafter, AmGUARD's attorney will make a closing argument. Ash Meadows' attorney may respond to any statements made by AmGUARD's attorney. What is said in the closing arguments is not evidence. After arguments are concluded, the case will be given to you for decision.

Following closing arguments, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Finally, we have a Bailiff, **(NAME)**, and **(HE) (SHE)** is here to take care of your needs during the course of this trial. Do not discuss this case with the Bailiff. If you have any personal problems or needs, take it up with **(NAME OF BAILIFF)** and **(HE) (SHE)** will notify me.

Source and Authority: CJI-CIV 1:6 (modified).

**STIPULATED JURY INSTRUCTION NO. 4**

Ash Meadows has asserted three claims against AmGUARD. In this civil action, the burden of proof is on Ash Meadows to prove every essential element of each of its claims. The "burden of proof" means the obligation a party has to prove its claims or defense(s). The Party with the burden of proof can use evidence produced by any party to persuade you.

In its first claim, Ash Meadows claims that AmGUARD unreasonably delayed payment of insurance coverage benefits owed to Ash Meadows under the insurance contract. AmGUARD denies that it caused an unreasonable delay in payment of insurance benefits owed to Ash Meadows.

In its second claim, Ash Meadows claims that AmGUARD engaged in a bad faith breach of the insurance contract. AmGUARD denies that it acted in bad faith.

Ash Meadows has the burden of proving its first and second claims by a preponderance of the evidence. "By a preponderance of the evidence" means that no matter who produces the evidence, when you consider the claim of Plaintiff in light of all the facts, you believe that Ash Meadows' claim is more likely true than not true. To put it differently, if you were to put all of the evidence in favor of Ash Meadows and all of the evidence in favor of AmGUARD on opposite sides of the scale, Ash Meadows would have to make the scale tip to its side. If Ash Meadows fails to meet this burden, your verdict must be for AmGUARD.

In its third claim, Ash Meadows claims that AmGUARD engaged in a willful and wanton manner in the adjustment of its insurance claim. AmGUARD denies this claim.

Ash Meadows has the burden of proving its third claim beyond a reasonable doubt. "Reasonable doubt" means a doubt based upon reason and common sense which arises from a fair and rational consideration of all of the evidence, or the lack of evidence, in the case. It is a doubt which is not a vague, speculative, or imaginary doubt, but such a doubt as would cause reasonable people to hesitate to act in matters of importance to themselves.

Source and Authority: CJI-CIV 3:1 (modified); CJI-CIV 5:4; CJI-CIV 9:30; CJI-CIV 3:3.

**STIPULATED JURY INSTRUCTION NO. 5**

As jurors, your job is to decide this case based solely on the evidence presented during the trial and the instructions that I will give you. It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you. That is how you will reach your verdict. In doing so, you must follow the law whether you agree with it or not.

At no time during the trial will I suggest what I think your verdict should be nor do I want you to guess or speculate about my views of what verdict you should render.

You will decide what the facts are from the evidence that the parties will present to you during the trial. That evidence will consist of the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness; documents and other things received into evidence as exhibits; and any facts on which the lawyers agree or which I may instruct you to accept as true.

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.
2. Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.
3. The lawyers (may) have highlight(ed) certain parts of some exhibits. While an admitted exhibit is evidence, the highlights are not. It is for you to determine the significance of the highlighted parts.
4. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered by you.
5. Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience. Inferences are inductions or conclusions your reason and common sense lead you to draw from the facts established by the evidence in the case. Inferences reached from facts not proved at trial, however, are impermissible.

You are not investigators or researchers, so you must not read or use any other material of any kind to obtain information about the case or to help you decide the case. This prohibition applies, for example, to: newspapers; magazines; television and radio broadcasts; dictionaries; medical, scientific, or technical publications; religious books or materials; law books; and the Internet. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking, Google, Wikipedia, blogs, and other websites.

If you were to violate this rule by receiving outside information about the case, it could force me to declare a mistrial, meaning that the trial would have to start over before a different jury, and all of the parties' work, my work, and your work on this trial would be wasted.

Therefore, it is very important that you not receive outside information about this case, whether it comes from other people, from the media, from books or publications, or from the Internet. You are free to use the Internet, but only for purposes unrelated to this case. Do not search for or receive any information about the parties, the lawyers, the witnesses, the judge, the evidence you will hear, or any place or location mentioned during the trial. Do not research the law. Do not look up the meaning of any words or scientific or technical terms used during the trial. If necessary, I will give you definitions of words or terms before you begin your deliberations.

Also, you are not allowed to visit any place(s) involved in this case. If you normally travel through such a place, you should try to take a different route until I tell you that your jury service is completed. If you cannot take a different route, you must not stop or attempt to gather any information from that location.

Until I tell you that your jury service is completed, do not communicate with anyone, including family and friends, about the evidence or the issues in this case. This prohibition applies to all forms of communication, including in-person conversations, written communications, telephone or cell phone calls, and electronic communications through any device. For example, you must not communicate about this case by email, text messages, Twitter, blogging, or social media like Facebook.

When court is not in session, you may communicate about anything other than this case. You may tell others that you are on a jury and that you cannot talk about the trial until it is over, and you may tell them the estimated schedule of the trial, but do not tell them anything else about the case. If anyone tries to communicate with you about anything concerning the case, you must stop the communication immediately and report it to the Bailiff, who will notify me.

You must not, individually or as a group, discuss or form final opinions about any fact or about any potential outcome of this case until after you have heard and considered all of the evidence, the closing arguments of the lawyers, and the final instructions I will give you on the law. Keep an open mind during the trial. Form your final opinions only after you have discussed this case as a group in the jury room at the end of the trial.

If anyone tries to talk with you or if you overhear others talking about any party, witness, evidence, or anything else about this case, walk away and immediately notify the Bailiff, who will notify me.

Source and Authority: CJI-CIV 1:4 (modified); CJI-CIV 1:5 (modified); Judge Kane Sample Jury Instruction Number 1.4, Fall 2013.

**STIPULATED JURY INSTRUCTION NO. 6**

Evidence can be either direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which one can find that another fact exists or is true.

As a general rule, the law makes no distinction between direct and circumstantial evidence, and you should consider both kinds of evidence in deciding this case. It is for you to decide how much weight to give to any evidence, direct or circumstantial.

The rules of evidence control the facts you may consider. When one lawyer asks a question or offers an exhibit and an opposing lawyer thinks that it is not permitted by the rules of evidence, the opposing lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been or what the exhibit might have shown.

Source and Authority: Judge Kane Sample Jury Instruction Number 1.5, Fall 2013.

**STIPULATED JURY INSTRUCTION NO. 7**

Jurors normally do not ask a witness questions. However, you may ask important questions during the trial under certain conditions.

If you feel that the answer to your question would be helpful in understanding the issues in the case, please write down your question during a break and give it to my courtroom deputy. I will make a copy of your note for the lawyers and speak privately with them to decide whether the question is proper under the law and how best to address it.

If the question is proper, we will repeat it in open court and someone will answer it. If there is some reason why the question cannot be answered, I will tell you what that reason is.

Source and Authority: Judge Kane Sample Jury Instruction Number 1.8, Fall 2013.

**STIPULATED JURY INSTRUCTION NO. 8**

You have received writing materials. You may use these materials to take notes during the trial. However, you are not required to do so.

If you take notes, you should not allow the note-taking to detract from your close attention to each witness and his or her testimony and all other evidence received during the trial.

Take notes sparingly. Do not try to summarize all testimony.

Whether you take notes or not, you should rely on your memory as much as possible and not upon your notes or the notes of other jurors. Any notes you take are to refresh your own individual memory.

These materials may only be used in the courtroom or jury room. You may take these materials from the courtroom to the jury room and from the jury room to the courtroom. However, these materials may not be taken anywhere else.

Please write your name on your materials. Be assured that no one else will read your notes. At the end of the case, these notes will be returned to the Court and destroyed.

Source and Authority: CJI-CIV 1:8.

**STIPULATED JURY INSTRUCTION NO. 9**

It may be necessary for me to talk to the lawyers about an issue of law out of your hearing. The purpose of these conferences is to decide how certain legal matters are to be treated. We will not be discussing factual matters.

Sometimes we will talk briefly at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end. The lawyers and I will do what we can to limit the number and length of these conferences.

Source and Authority: Judge Kane Sample Jury Instruction Number 1.11, Fall 2013.

## STIPULATED JURY INSTRUCTION NO. 10

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case, for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case, and finally, I will explain the procedures you should follow in your deliberations.

Each of you has a copy of the instructions to consult whenever you wish. The lawyers may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Source and Authority: Judge Kane Sample Jury Instruction Number 4.1, Fall 2013.

**STIPULATED JURY INSTRUCTION NO. 11**

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply and follow the laws contained in these instructions whether you agree with them or not. Your decision is called a verdict and is reached by applying those laws to the facts as you find them. You have taken an oath promising to do just so.

You must follow all of these instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything I may say or do any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.

Source and Authority: Judge Kane Sample Jury Instruction Number 4.2, Fall 2013.

**STIPULATED JURY INSTRUCTION NO. 12**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Source and Authority: CJI-CIV 1:8 (modified).

**STIPULATED JURY INSTRUCTION NO. 13**

AmGUARD is a company which can and may act only through its officers, employees, servants, and agents (representatives). Any act or omissions of an officer, employee, servant, or agent of AmGUARD, while acting within the scope of his or her employment, is an act or omission of AmGUARD. A representative is acting within the scope of his, her, or its authority when the representative is carrying on business for its company which the company has expressly authorized or which is within the incidental, implied, or apparent authority of the representative.

Authority: CJI-CIV 7:7.

**STIPULATED JURY INSTRUCTION NO. 14**

The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or agreed to by the Parties.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence.

You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a conclusion that follows, as a matter of reason and common sense, from the evidence.

When the parties stipulate to a fact, the jury must accept that fact or event as proved.

Authority: CJI-CIV 3:8.

**STIPULATED JURY INSTRUCTION NO. 15**

Evidence may be either direct or circumstantial. Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence.

Authority: CJI-CIV 3:9.

## STIPULATED JURY INSTRUCTION NO. 16

You have heard the Parties agree to the existence of several facts. This agreement makes the presentation of any evidence to prove these specifics facts unnecessary. The agreement means that you must accept the following facts as true:

1.    Ash Meadows Townhome Association, Inc., ("Ash Meadows") maintains ten multi-story, residential buildings, located at 12703 – 12793 Leyden Street Thornton, Colorado 80602 (the "Property").

2.    The roofs of the buildings at the Ash Meadows Property are constructed in a gable configuration and covered with architectural shingles. The shingles installed on the roofs are no longer manufactured.

3.    Ash Meadows purchased an insurance policy from AmGUARD under policy number ASBP995001, with effective dates of April 1, 2018, through April 1, 2019.

4.    The insurance policy provides coverage for direct physical loss of or damage to covered property, subject to all terms and conditions in the policy.

5.    On June 18, 2018, during the policy period, the Ash Meadows Property experienced a hail event (the "Storm").

6.    The Storm caused direct physical loss and damage to the architectural roof shingles, roof vents, gutters, downspouts, window frames, window screens, heating and air conditioning condenser fins, overhead doors, fascia, and patio railings (the "Loss").

7.    AmGUARD received notice of the Loss from Ash Meadows and assigned claim number ASBP995001-001-001-001.

8.    AmGUARD retained an independent insurance adjuster, James Cook, to investigate the loss.

9.    AmGUARD retained Rimkus Consulting Group to inspect the Property. An inspection was performed by Rimkus Consulting Group on October 29, 2018.

10.   On November 29, 2018, Rimkus Consulting Group prepared an Xactimate repair estimate totaling $354,608.95.

11.     On January 30, 2019, Ash Meadows provided AmGUARD with a sworn statement in proof of loss and repair estimate totaling $1,007,590.49.

12.     On April 24, 2019, AmGUARD issued an actual cash value payment totaling $133,208.41.

13.     Ash Meadows retained a Colorado professional licensed engineer to provide an evaluation of the hail stone impact damage to the shingle roofs covering Building's 12703, 12723, 12753, 12763, 12773, 12783, and 12793. On or about April 3, 2020, Ash Meadows provided AmGUARD with its professional engineering report.

14.     On or about April 3, 2020, Ash Meadows provided AmGUARD with a copy of a report from ITEL Laboratories confirming the discontinuance of the asphalt shingles covering the roofs and the unavailability of a matching product.

15.     Ash Meadows provided AmGUARD with a written demand that the disputed amount of loss be set by appraisal (the "Appraisal").

16.     Ash Meadows and AmGUARD each selected a competent and disinterested appraiser, creating an appraisal panel to set the amount of loss pursuant to the terms and conditions of the Policy ("Appraisal Panel").

17.     On February 8, 2021, an appraisal award totaling $999,093.07 replacement cost value and $914,239.84 actual cash value was signed in full by the Appraisal Panel without the need for an umpire ("Appraisal Award").

18.     In support of the Appraisal Award, the Appraisal Panel provided and agreed to an estimate providing a line-by-line itemized scope of repairs outlining the amount necessary to place the Property in its pre-loss condition ("Appraisal Award Estimate").

19.     On February 23, 2021, AmGUARD issued a second actual cash value payment totaling $536,730.69.

Authority: CJI-CIV 1:13 (modified); Fed.R.Civ.P. 36(b).

**STIPULATED JURY INSTRUCTION NO. 17**

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

Authority: C.J.I. (Civil) 3.4

**STIPULATED JURY INSTRUCTION NO. 18**

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

In considering the testimony of any witness, you may consider:

1. The witness's opportunity and ability to see or hear or know the things to which the witness testified;
2. The quality of the witness's memory;
3. The witness's manner while taking the oath and while testifying;
4. Whether the witness had an interest in the outcome of the case or any motive, bias or prejudice;
5. Whether the witness's testimony is contradicted by anything the witness said or did at another time, by the testimony of other witnesses, or by other evidence;
6. How reasonable the witness's testimony was in light of all the evidence; and
7. Any other facts that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.

If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness's testimony.

Source and Authority: Judge Kane Sample Jury Instruction Number 1.13, Fall 2013; CJI-CIV 3:16.

**STIPULATED JURY INSTRUCTION NO. 19**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An expert witness is someone who, by education, background, training, or experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an expert witness in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

Authority: CJI-CIV 3:15 (modified).

## STIPULATED JURY INSTRUCTION NO. 20

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars, and you may reject all the testimony of that witness or give it such credibility, if any, as you think it deserves. An act or omission is "knowingly" done if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source and Authority: *Murray v. Just in Case Business Lighthouse, LLC*, 2016 CO 47M, ¶ 21, 374 P.3d 443, 451 (Colo. 2016) ("a witness's credibility is for the fact-finder to decide"); *Denver & Rio Grande R.R. v. Warring*, 37 Colo. 122, 86 P. 305 (1906)(The fact finder is entitled to disregard all or any portion of the testimony of any witness who it finds has willfully testified falsely to any material fact); Ward v. Ward, 25 Colo. 33, 52 P. 1105 (1898); *see also Gordon v. Benson*, 925 P.2d 775 (Colo. 1996) (jury may believe all or just part of the testimony of a witness).

**STIPULATED JURY INSTRUCTION NO. 21**

Certain testimony has been read from a deposition. A deposition is testimony taken under oath before the trial. You are to consider that testimony as if it had been given by the witness from the witness stand.

Source and Authority: CJI-CIV 3:10.

**STIPULATED JURY INSTRUCTION NO. 22**

Ash Meadows has asserted three claims against AmGUARD. The claims you are to decide are (1) whether AmGUARD unreasonably delayed payment of insurance coverage benefits to Ash Meadows; (2) whether AmGUARD engaged in a bad faith breach of the insurance contract; and (3) whether AmGUARD engaged in a willful and wanton manner in the adjustment of Ash Meadows' insurance claim.

In this civil action, the burden of proof is on Ash Meadows to prove every essential element of each of its claims. The "burden of proof" means the obligation a party has to prove its claims or defense(s). The Party with the burden of proof can use evidence produced by any party to persuade you. If a Party fails to meet its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

Source and Authority: CJI-CIV 3:1 (modified).

**STIPULATED JURY INSTRUCTION NO. 23**

In its first claim, Ash Meadows claims that AmGUARD unreasonably delayed payment of insurance coverage benefits owed to Ash Meadows under the insurance contract.

For Ash Meadows to recover from AmGUARD on its first claim for unreasonable delay in payment of insurance coverage benefits, you must find all the following have been proved by a preponderance of the evidence:

1. AmGUARD delayed payment of benefits to Ash Meadows; and
2. AmGUARD's delay of payment was without a reasonable basis.

If you find that either of these statements has not been proved, then your verdict must be for AmGUARD.

On the other hand, if you find that both statements have been proved, then your verdict must be for Ash Meadows.

Source and Authority: CJI-CIV 25:4 (modified).

**STIPULATED JURY INSTRUCTION NO. 24**

For purpose of Instruction Number 23, "preponderance of the evidence" means to prove that it is more probably true than not.

Source and Authority: CJI-CIV 3:1 (modified).

**STIPULATED JURY INSTRUCTION NO. 25**

Ash Meadows has the burden of proving, by a preponderance of the evidence, the extent of its benefits that were improperly delayed. If you find in favor of Ash Meadows on its first claim under Instruction Number 23, you must determine the total dollar amount of the benefits for which payment was delayed without a reasonable basis.

Source and Authority: CJI-CIV 25:10.

**STIPULATED JURY INSTRUCTION NO. 26**

An insurer's delay or denial in authorizing payment of a covered benefit is unreasonable if that action is without a reasonable basis.

Source and Authority: CJI-CIV 25:5.

**STIPULATED JURY INSTRUCTION NO. 27**

The statutes of Colorado prohibit an insurance company such as AmGUARD from:

1.      Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

2.      Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

3.      Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

4.      Refusing to pay claims without conducting a reasonable investigation based upon all available information;

5.      Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

6.      Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

7.      Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

8.      Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

9.      Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or

10.     Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

For purpose of Instruction Number 23, you may consider any such conduct in determining whether AmGUARD acted unreasonably in delaying payment if you find that:

1.   AmGUARD unreasonably engaged in such conduct; and
2.   Such conduct caused or contributed to the AmGUARD's delay of payment of Ash Meadows' insurance claim.

Source and Authority: CJI-CIV 25:6 (modified). *See also Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967 (Colo. App. 1996) (in determining whether insurer's delay in paying benefits or its denial of benefits was reasonable, jury may consider evidence that insurer's conduct violated any of the applicable subparagraphs of section 10-3- 1104(1)(h)), aff'd, 955 P.2d 1008 (Colo. 1998).

## STIPULATED JURY INSTRUCTION NO. 28

For its second claim, Ash Meadows has alleged that AmGUARD engaged in bad faith breach of the insurance contract. To prevail on this claim, Ash Meadows bears the burden of proof and must prove each of the following elements by a preponderance of the evidence:

1. AmGUARD acted unreasonably in delaying payment of Ash Meadows' insurance claim;
2. AmGUARD knew that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable;
3. Ash Meadows had losses or damages; and
4. AmGUARD's unreasonable conduct was a cause of Ash Meadows had losses or damages.

If you find that any one or more of these four statements has not been proved, then your verdict must be for the AmGUARD. On the other hand, if you find that all of these four statements have been proved, then your verdict must be for Ash Meadows on its second claim.

Source and Authority: CJI-CIV 25:2. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985) (an insurer recklessly disregards the unreasonableness of its conduct when there is either no reasonable basis for denial, or a reckless indifference to the facts or proofs submitted by the insured), and section 10-3-1113(3), C.R.S. *See also Drobek v. Government Employees Ins. Co.*, No. 16-cv-02512-MSK-NYW, 2017 WL 11546217, at *8 (D. Colo. Mar. 6, 2017) (Whether an insurer has in bad faith breached its duties to an insured is a question of reasonableness, and knowledge or reckless disregard for its unreasonableness); *TAF, L.L.C. v. Hartford Fire Ins. Co.*, 549 F. Supp. 2d 1282, 1289 (D. Colo. 2008) (reasonableness is determined whether a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances).

**STIPULATED JURY INSTRUCTION NO. 29**

For purpose of Instruction Number 28, "preponderance of the evidence" means to prove that it is more probably true than not.

Source and Authority: CJI-CIV 3:1 (modified).

## STIPULATED JURY INSTRUCTION NO. 30

"Unreasonable conduct" for purposes of Instruction Number 28 means the failure to do an act that a reasonably careful insurance company would do, or the doing of an act that a reasonably careful insurance company would not do, under the same or similar circumstances, to protect the persons insured from damages or losses.

Source and Authority: CJI-CIV 25:3. *See also TAF, L.L.C. v. Hartford Fire Ins. Co.*, 549 F. Supp. 2d 1282, 1289 (D. Colo. 2008) ("Whether an insurer has in bad faith breached its duties to an insured is a question of reasonableness; in other words, would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances)

**STIPULATED JURY INSTRUCTION NO. 31**

An insurance company recklessly disregards the unreasonableness of its position when it takes a position with knowledge of facts that indicate that its position lacks a reasonable basis or when it is deliberately indifferent to information concerning the claim.

Source and Authority: CJI-CIV 25:7.

**STIPULATED JURY INSTRUCTION NO. 32**

In every insurance contract, there is an implied covenant of good faith and fair dealing, and an insurance company has a duty to protect the interests of the insured and not place its own interests above those interests of the insured. This duty of good faith and fair dealing continues unabated during the life of an insurer-insured relationship.

The duty of good faith and fair dealing is breached: (1) the insurance company unreasonably delays payment, unreasonably denies payment, fails to communicate promptly and effectively regarding the insured's claim, fails to investigate promptly and effectively, and/or takes a coverage position for which there is no reasonable basis in the insurance policy in relation to the facts or applicable law; and (2) the insurance company knows that its delay in payment, denial of payment, failure to communicate, or its coverage position is unreasonable, or it recklessly disregards whether its conduct or position is unreasonable.

Source and Authority: CJI-CIV 25:8 (modified). *See also Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010); *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 344 (Colo. 2004) (en banc); 14 Couch on Insurance § 207:25 ("Implicit in the duty to investigate is the requirement that the investigation be adequate and fair.").

**STIPULATED JURY INSTRUCTION NO. 33**

Ash Meadows has the burden of proving, by a preponderance of the evidence, the nature and extent of its damages. If you find in favor of Ash Meadows on its second claim, you must determine the total dollar amount of Ash Meadows' damages, if any, that were caused by the bad faith breach of insurance contract by AmGUARD.

In determining these damages, you shall consider the following:

1.      Any economic losses that Ash Meadows has had or will probably have in the future, including: loss of the value of the replacement cost benefit; costs; and fees.

Source and Authority: CJI-CIV 25:9.

**STIPULATED JURY INSTRUCTION NO. 34**

If you find in favor of Ash Meadows on its second claim for bad faith breach of an insurance contract, then you shall consider whether Ash Meadows should recover punitive damages against AmGUARD on its third claim that AmGUARD engaged in a willful and wanton manner in the adjustment of its insurance claim.

If you find beyond a reasonable doubt that AmGUARD acted in a willful and wanton manner in causing Ash Meadows' damages or losses you shall determine the amount of punitive damages, if any, that Ash Meadows should recover.

Punitive damages, if awarded, are to punish AmGUARD and to serve as an example to others.

The law provides no fixed standard as to the amount of punitive damages, but leaves the amount to your sound discretion, exercised without passion or prejudice.

Source and Authority: CJI-CIV 5:4 (modified). Punitive damages are recoverable on a claim of bad faith breach of an insurance contract if the breach is accompanied by circumstances of fraud, malice, or willful and wanton conduct. *Ballow v. PHICO Ins. Co*., 878 P.2d 672, 682 (Colo. 1994).

**STIPULATED JURY INSTRUCTION NO. 35**

For purposes of Instruction Number 34, "reasonable doubt" means a doubt based upon reason and common sense which arises from a fair and rational consideration of all of the evidence, or the lack of evidence, in the case. It is a doubt which is not a vague, speculative, or imaginary doubt, but such a doubt as would cause reasonable people to hesitate to act in matters of importance to themselves.

Source and Authority: CJI-CIV 3:3.

**STIPULATED JURY INSTRUCTION NO. 36**

For purposes of Instruction Number 34, "willful and wanton" means an act or omission purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the plaintiff.

Source and Authority: CJI-CIV 9:30.

**STIPULATED JURY INSTRUCTION NO. 37**

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

Source and Authority: CJI-CIV 5:6.

## STIPULATED JURY INSTRUCTION NO. 38

These instructions contain the law that you must use in deciding this case. No single instruction states all the applicable law. All the instructions must be read and considered together.

You must not be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.

I do not, by these instructions, express any opinions as to what has or has not been proved in the case, or to what are or are not the facts of the case.

Source and Authority: CJI-CIV 4:1.

**STIPULATED JURY INSTRUCTION NO. 39**

In your deliberations, your duty is to apply my instructions of law to the evidence that you have seen and heard in the courtroom. You are not allowed to look at, read, consult, or use any material of any kind, including any newspapers, magazines, television and radio broadcasts, dictionaries, medical, scientific, technical, religious, or law books or materials, or the Internet in connection with your jury service. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking, Google, Wikipedia, blogs, and any other website. You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you. Do not do your own investigation about this case.

Source and Authority: CJI-CIV 4:1A.

**STIPULATED JURY INSTRUCTION NO. 40**

The original forms of the written instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. The instructions labeled "copy" may be marked or used in any way you see fit.

The Bailiff will now escort you to the jury room. After you get to the jury room you shall select one of your members to be the foreperson of the jury. That person will be in charge of your discussions. You must all agree on your verdict, and you must sign the original form of whatever verdict(s) you reach.

Please notify the Bailiff when you have reached a verdict, but do not tell the Bailiff what your verdict is. You shall keep the verdict forms, these instructions, and the exhibits until I give you further instructions.

Source and Authority: CJI-CIV 4:2.

**STIPULATED JURY INSTRUCTION NO. 41**

Once you begin your deliberations, if you have a question about the evidence in this case or about the instructions or verdict form that you have been given, your foreperson should write the question on a piece of paper, sign it and give it to the Bailiff who will bring it to me.

I will then confer with the attorneys as to the appropriate way to answer your question. However, there may be some questions that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

Source and Authority: CJI-CIV 4:2A.

**STIPULATED JURY INSTRUCTION NO. 42**

This case has now been concluded and I wish to express my appreciation to you for your services.

You may now talk to anyone, including the attorneys and parties, about this case. Whether you do so is entirely up to you.

If you decide not to discuss the case, your decision will undoubtedly be respected. However, if an attorney or a party persists in discussing the case over your objection, or becomes critical of your services as a juror, please report the incident to me.

You are now allowed to leave with the thanks of the Court.

Source and Authority: CJI-CIV 1:18.