| | Question/Answer | Objection | Response to Objection |
|---|---|---|---|
| 10:25-11:5 | Q. Okay. This claim here was approximately a million dollars. Would a desk adjuster have authority to pay that kind of claim?<br>A. The desk adjuster would have the authority in consultation with his or her manager to pay the claim. | Objection to misstating the evidence and improper hypothetical. Plaintiff initial estimate was $657,169.48 | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question or answer based on a claim that the question or answer misstates evidence, but did not do so during the deposition, such objections are waived.<br><br>Moreover, this question is consistent with the evidence of Ash Meadows' proof of loss for $1,007,590.49 (Exhibit 37) submitted to AmGUARD in January 2019. This questions is also consistent with the appraisal award of $999,699.46 entered in this matter (Exhibit 54). |
| 25:19-23 | Q. So let's go to does GUARD have the obligation to retain qualified consultants?<br>A. Yes, I think we would want to hire qualified consultants. | Objection that this calls for a legal conclusion. Objection to lack of foundation for AmGUARD to testify as to its legal obligations under Colorado law. Objection vague. | This question does not seek AmGUARD to provide any testimony regarding legal obligations or Colorado law. Rather, the testimony elicited at the Rule 30(b)(6) deposition represents the position of AmGUARD regarding whether it should retain qualified consultants to investigate an insurance claim. This question relates to the issue of whether a delay of insurance benefits was caused by the retention and reliance on unqualified consultants by AmGUARD. Such testimony is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's insurance claim. |
| 26:3-7 | Q. Does GUARD agree that it has the obligation to retain qualified engineers?<br>A. Yes. | Objection that this calls for a legal conclusion. Objection to lack of foundation for AmGUARD to testify as to its legal obligations under Colorado law. Objection vague. | This question does not seek AmGUARD to provide any testimony regarding legal obligations or Colorado law. Rather, the testimony elicited at the Rule 30(b)(6) deposition represents the position of AmGUARD regarding whether it should retain |



**EXHIBIT B**

| | | | |
|---|---|---|---|
| | | | qualified consultants to investigate an insurance claim. This question relates to the issue of whether a delay of insurance benefits was caused by the retention and reliance on unqualified consultants by AmGUARD. Such testimony is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's insurance claim. |
| 26:8-13 | Q. Should GUARD retain experienced independent adjusters and engineers?<br>A. I don't know how to answer this. We would want to hire the most qualified engineer or adjuster. | Objection that this calls for a legal conclusion. Objection to lack of foundation for AmGUARD to testify to its legal obligations under Colorado law. Objection vague. | This question does not seek AmGUARD to provide any testimony regarding legal obligations or Colorado law. Rather, the testimony elicited at the Rule 30(b)(6) deposition represents the position of AmGUARD regarding whether it should retain qualified consultants to investigate an insurance claim. This question relates to the issue of whether a delay of insurance benefits was caused by the retention and reliance on inexperienced consultants by AmGUARD. Such testimony is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's insurance claim. |
| 26:21-27:1 | Q. I appreciate that. Would GUARD agree that it should retain unbiased engineers and independent adjusters?<br>A. Yes. | Objection that this calls for a legal conclusion. Objection to lack of foundation for AmGUARD to testify as to its legal obligations under Colorado law. Objection vague. | This question does not seek AmGUARD to provide any testimony regarding legal obligations or Colorado law. Rather, the testimony elicited at the Rule 30(b)(6) deposition represents the position of AmGUARD regarding whether it should retain unbiased consultants to investigate an insurance claim. This question relates to the issue of whether a delay of insurance benefits was caused by the retention and reliance on the consultants retained in this matter by AmGUARD. Such testimony is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's insurance claim. |



**EXHIBIT B**

| | | | |
|---|---|---|---|
| 31:23-32: | Q. After your review of the claim file and various documents in preparation for your deposition, does GUARD agree that it did not promptly pay this claim? ·<br>A. No, I think the claim file shows that we were open to negotiation, we processed the claim. I understood -- and I don't mean to be disrespectful, but I understood a lot of the delay to be on the other side.<br><br>There was a delay documented in the claim file from the homeowners association. There was some question about Bonnie Dyson's husband giving an opinion on the roofing. There was probably, I want to say, a year-long delay in proceeding with the appraisal process. I didn't see any unreasonable delay on GUARD's behalf. | Objection. This witness was testifying on behalf of AmGUARD pursuant to Rule 30(b)(6). The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not the personal opinions and beliefs of the individual deponent. *See Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006). This testimony calls for speculation (earlier request for appraisal) and espouses a personal belief, not the collective knowledge of AmGUARD. | |
| 35:18-23 | Q. I will place back onto the screen Exhibit 18, which is the claim guidelines, and we are on page GUARD 1623. And this is the -- this outlines GUARD's claims mission statement, correct?<br>A. Yes, that is the mission statement. | Objection to relevance of whether AmGUARD complied with its mission statement. An internal corporate mission statement does not establish a legal duty under Colorado law. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question or answer based on a claim that the question or answer lacks relevance, but did not do so during the deposition, such objections are waived.<br><br>Moreover, this question relates to the Claims Mission Statement outlined within AmGUARD's Claims Policy & Procedure Manual, not a corporate mission statement. Furthermore, this question is not seeking any admission relating to whether AmGUARD met the claim handling standards outlined within its mission statement, only an identification of the Claims Mission Statement outlined within |



EXHIBIT B

| | | | AmGUARD's Claims Policy & Procedure Manual. |
|---|---|---|---|
| 35:24-36:6 | Q. Does GUARD believe that its claim department met this mission statement in the handling of the Ash Meadows claim?<br>A. Yes, I said I would think that, yes, the claims representative provided efficient and quality claims management services. | Objection to relevance of whether AmGUARD complied with its mission statement. An internal corporate mission statement does not establish a legal duty under Colorado law. | This question relates to the Claims Mission Statement outlined within AmGUARD's Claims Policy & Procedure Manual, not a corporate mission statement.<br><br>This question is relevant to Plaintiff's claims for bad faith. Per AmGUARD testimony, Claims Policy & Procedure Manual is "a guide on how to process and do claims." This question relates to whether AmGUARD's adjuster's adjusted Plaintiff's claim inconsistent with its own "guide" on processing claims, including deliberate disregard of the standard's required by AmGUARD for processing the claim. The question supports Plaintiff's position that AmGUARD improperly adjusted its claim. |
| 39:24-40:5 | Q. But if the desk adjuster has no experience in identifying hail, how does it understand the information it's receiving?<br>A. I am not sure I understand the question. We would rely on the expert to document the damage from the hail. We know what to expect. | Objection assumes facts, vague, argumentative, incomplete hypothetical. | AmGUARD has alleged that while it received a report of damage to Plaintiff's property from its independent insurance adjuster, it retained an engineer "[t]o further evaluate the damage." *See* ECF No. 111, AmGUARD Trial Brief at p 2. This question is relevant to AmGUARD's knowledge and expectation of the decision making process that should be completed by an inexperienced claim adjuster who has received reports of confirmed damage. This question is further relevant to rebut AmGUARD's testimony that its adjuster "thought the damages were off." **Exhibit A**, Deposition of Barbara Rothermel, at 191:12. |
| 40:6-21 | Q. Well, when information comes in, if your adjuster has no experience identifying hail damage, how does it know the information it is looking at is actually hail damage or not?<br>A. The adjuster is going to be familiar with those type of claims, but he is not | Objection assumes facts, vague, argumentative, incomplete hypothetical. | AmGUARD has alleged that while it received a report of damage to Plaintiff's property from its independent insurance adjuster, it retained an engineer "[t]o further evaluate the damage." *See* ECF No. 111, AmGUARD Trial Brief at p 2. This question is relevant to AmGUARD's |



**EXHIBIT B**

| | | | |
|---|---|---|---|
| | responsible for identifying it. The expert is going to -- is who's going to document no indentations from the hail, damage from the hail. We are going to rely on the expert and the independent adjuster to be the eyes and ears, so, sure, the adjuster -- the desk adjuster has to understand, we all have to understand what to expect from hail damage, but I guess the word "identifying" is -- I am not sure really what you mean by that. | | knowledge and expectation of the decision making process that should be completed by an inexperienced claim adjuster who has received reports of confirmed damage. This question is further relevant to rebut AmGUARD's testimony that its adjuster "thought the damages were off." **Exhibit A**, Deposition of Barbara Rothermel, at 191:12. |
| 43:22-44:2 | Q. What has GUARD done to ensure that they can properly assess an Xactimate estimate that's being recommended to them?<br>A. I don't know. | Objection vague. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the preventive measure in place to ensure its claims personnel understand the information that is being submitted to them relating to an insurance claim. This question is relevant to the training provided to review an estimate before relying upon it as the reasonable cost of repair. This is particularly important here where AmGUARD was presented with Xactimate estimates from Plaintiff and its engineer. (Stipulated Exhibits 18 28, 38, 49.) |
| 49:4-7 | Q. And are you aware of certain state regulations that govern insurance claims handling?<br>A. Yes, unfair claims settlement practices, yes. | Objection that the question calls for a legal conclusion. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question based on a claim that the question calls for a legal conclusion, but did not do so during the deposition, such objections are waived.<br><br>Moreover, the testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD with respect to the unfair claims settlement practices which provide valid |



EXHIBIT B

| | | | |
|---|---|---|---|
| | | | evidence of industry standards. *See Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 344 (Colo. 2004) (en banc). This information is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim. Such testimony is further relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim. |
| 49:8-11 | Q. And are you aware whether Colorado has adopted the unfair claims settlement practices or some form of it?<br>A. Yes, they have adopted some form of it. | Objection that the question calls for a legal conclusion. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question based on a claim that the question calls for a legal conclusion, but did not do so during the deposition, such objections are waived.<br><br>Moreover, the testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD with respect to application of the unfair claims settlement practices to claims handled within Colorado which provide valid evidence of industry standards. *See Allen*, 102 P.3d at 344. This information is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim. Such testimony is further relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim. |
| 49:12-15 | Q. And would GUARD agree that its handling of claims within Colorado should comply with the Colorado Unfair Claims Practices Act?<br>A. Yes, I think that's a fair statement. | Objection that the question calls for a legal conclusion. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at |



**EXHIBIT B**

| | | | |
|---|---|---|---|
| | | | that time." To the extent AmGUARD is now objecting to a question based on a claim that the question calls for a legal conclusion, but did not do so during the deposition, such objections are waived.<br><br>Moreover, the testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD with respect to application of the unfair claims settlement practices to claims handled within Colorado which provide valid evidence of industry standards. *See Allen*, 102 P.3d at 344. This information is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim. Such testimony is further relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim. |
| 51:2-8 | Q. Would you agree that the policy contains an implied covenant of good faith and fair dealing?<br>A. I am not an attorney, but I -- I would assume so. | Objection calls for a legal conclusion, particularly a legal opinion regarding the insurance policy. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD with respect to its understanding of obligations under the insurance contract. Moreover, the jury will be instructed that "[i]n every insurance contract, there is an implied covenant of good faith and fair dealing, and an insurance company has a duty to protect the interests of the insured and not place its own interests above those interests of the insured." *See* ECF No. 106-1, Stipulated Jury Instruction No. 32. |
| 54:8-11 | Q. Would you agree that GUARD has an obligation to complete an objective investigation?<br>A. Yes, I think I would agree that GUARD has an obligation to produce an objective investigation. | Objection that this calls for a legal conclusion. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question based on a claim that the |



EXHIBIT B

| | | | |
|---|---|---|---|
| | | | question calls for a legal conclusion, but did not do so during the deposition, such objections are waived.<br><br>Moreover, such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim. The testimony elicited at the Rule 30(b)(6) deposition represents the position of AmGUARD regarding whether it should complete an objective investigation of the claim which is one of the primary issues of Plaintiff's allegation that AmGUARD failed to objectively investigate in relying solely on the opinions of its engineer while simultaneously ignoring additional information demonstrating damage. |
| 54:12-20 | Q. And would you agree that GUARD should conduct a prompt and objective investigation using qualified consultants or experts?<br>A. GUARD has an obligation to investigate the claim based on the information it has available and depends on our adjusters and experts to be qualified and properly document the damages on claims. | Objection calls for a legal conclusion. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters which is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim, specifically section (1)(h)(VI) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(VI) ("Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD failed to objectively investigate in relying solely on the opinions of its engineer while simultaneously ignoring additional information demonstrating damage. Moreover, the jury will be instructed on Section (1)(h)(VI) of the Unfair |

| | | | |
|---|---|---|---|
| | | | Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 6. |
| 56:10-16 | Q. And what weight should be given to the information provided by an insured?<br>A. I think it would be reviewed in totality with the other evidence on the claim, the other information and all evaluated fairly. | Objection vague. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters in evaluating all information which is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim, specifically section (1)(h)(IV) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(IV) ("Refusing to pay claims without conducting a reasonable investigation based upon all available information;."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD failed to objectively investigate in relying solely on the opinions of its engineer while simultaneously ignoring additional information demonstrating damage. Moreover, the jury will be instructed on Section (1)(h)(IV) of the Unfair Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 4. |
| 56:17-21 | Q. And how does GUARD train its claim adjusters to resolve conflicts in information provided by the insurance consultants?<br>A. I don't know what training it has provided on that. | Objection vague and incomplete hypothetical. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question based on a claim that the question calls for a legal conclusion, but did not do so during the deposition, such objections are waived. |



EXHIBIT B

| | | | |
|---|---|---|---|
| | | | Moreover, the testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters which is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim, specifically section (1)(h)(IV) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(IV) ("Refusing to pay claims without conducting a reasonable investigation based upon all available information."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD failed to objectively investigate in relying solely on the opinions of its engineer while simultaneously ignoring additional information demonstrating damage. Furthermore, the jury will be instructed on Section (1)(h)(IV) of the Unfair Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 4. |
| 58:16-23 | Q. Does GUARD expect and train its adjusters to be transparent with their insureds?<br>A. Again, I don't know what is -- the details of any training provided to the adjuster, but that would be our goal, to be transparent with our claimants. | Objection vague and incomplete hypothetical. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters to not misrepresent pertinent facts which is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim, specifically section (1)(h)(I) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(I) ("Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of |



EXHIBIT B

| | | | |
|---|---|---|---|
| | | | Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD deliberately concealed favorable and relevant information confirming widespread damages to its property. Furthermore, the jury will be instructed on Section (1)(h)(I) of the Unfair Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 1. |
| 59:5-20 | Q. Well, does GUARD expect its adjusters to share all relevant information with its insureds?<br>A. No, I would not agree with that. For instance, it's been a long held policy that we wouldn't share our expert or independent adjuster reports, and it would be confusing if we had an estimate and we had questions about that estimate, we shared it with the claimant, they would be more confused than ever.<br><br>So I think I wouldn't agree with that. I don't think we have an obligation to share everything with the claimant. I think we have an obligation to handle the claim fairly and effectively and communicate our claim decision to the claimant. | Objection vague. Incomplete hypothetical. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters to not misrepresent pertinent facts which is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim, specifically section (1)(h)(I) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(I) ("Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD deliberately concealed favorable and relevant information confirming widespread damages to its property. Furthermore, the jury will be instructed on Section (1)(h)(I) of the Unfair Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 1. |
| 59:21-60:5 | Q. So it's GUARD's position that it's okay to conceal certain information, but other information should be provided to the insured?<br>A. Anything relevant to the claim decision is communicated to the claimant. If there was | Objection vague, argumentative, calls for a legal conclusion. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters to not misrepresent pertinent facts which is directly relevant to whether AmGUARD met insurance industry standards in |



EXHIBIT B

| | | | |
|---|---|---|---|
| | something pertinent in an expert opinion, we often would cite to it but, no, I don't believe we have an obligation to produce all of our work papers to the claimant. | | the handling of Plaintiff's claim, specifically section (1)(h)(I) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(I) ("Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD deliberately concealed favorable and relevant information confirming widespread damages to its property. This question provides further context and confirmation of prior testimony of AmGUARD regarding its policy to withhold and conceal information from policyholders. *See* supra 59:5-20. Furthermore, the jury will be instructed on Section (1)(h)(I) of the Unfair Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 1. |
| 61:12-18 | Q. You've got relevant information of an independent adjuster that evaluated the entirety of the property for hail damage, and you don't see why that should be shared with the insured?<br>A. No, I don't. | Objection asked and answered and argumentative. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding conduct inconsistent with established industry standards, particularly section (1)(h)(I) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(I) ("Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD deliberately concealed favorable and relevant information confirming widespread damages to its property. This question provides further context and confirmation of prior testimony of AmGUARD |



**EXHIBIT B**

| | | | |
|---|---|---|---|
| | | | regarding its policy to withhold and conceal information from policyholders. *See* supra 59:5-20. Furthermore, the jury will be instructed on Section (1)(h)(I) of the Unfair Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 1. |
| 63:18-64:1 | Q. Is it GUARD's position that Ash Meadows should just rely on the investigation of GUARD without having any understanding of its evaluation of the reports that it used to reach its decision?<br>A. GUARD's obligation is to adjudicate the claim based on the information available and to convey that decision to the claimant. | Objection argumentative, assumes facts, incomplete hypothetical. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding conduct inconsistent with established industry standards, particularly section (1)(h)(I) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(I) ("Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD deliberately concealed favorable and relevant information confirming widespread damages to its property. This question provides further context and confirmation of prior testimony of AmGUARD regarding its policy to withhold and conceal information from policyholders. *See* supra 59:5-20. Furthermore, the jury will be instructed on Section (1)(h)(I) of the Unfair Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 1. |
| 64:2-8 | Q. And not to share any of the information?<br>A. I do not believe it has an obligation to share the independent adjuster report or the expert report, no. | Objection argumentative, assumes facts, incomplete hypothetical. | The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding conduct inconsistent with established industry standards, particularly section (1)(h)(I) of the Unfair Claims Practices Act. *See* C.R.S. § 10-3-1104(1)(h)(I) ("Misrepresenting pertinent facts or insurance |



**EXHIBIT B**

| | | | |
|---|---|---|---|
| | | | policy provisions relating to coverages at issue."). Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim, including Plaintiff's allegation that AmGUARD deliberately concealed favorable and relevant information confirming widespread damages to its property. This question provides further context and confirmation of prior testimony of AmGUARD regarding its policy to withhold and conceal information from policyholders. *See* supra 59:5-20. Furthermore, the jury will be instructed on Section (1)(h)(I) of the Unfair Claims Practices Act is also contained within the jury instructions. *See* ECF No. 106-1, Stipulated Jury Instruction No. 33 ¶ 1. |
| 94:5-7 | Q. Do you know that James Cook had been an independent adjuster for 20 years?<br>A. I do not know. | Objection hearsay, assumes facts, relevance of whether AmGUARD knows how many years Mr. Cook has been an adjuster. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question or answer based on a claim that the question is vague, but did not do so during the deposition, such objections are waived.<br><br>Moreover, the question does not assume facts. During his June 2021 deposition, James Cook testified that he has been an insurance adjuster since 2000. *See* **Exhibit A**, Deposition of James Cook, at 18:24-6. The experience of the independent adjuster is further relevant to AmGUARD's testimony that it "would want to hire the most qualified engineer or adjuster." *See* supra 26:8-13. |



**EXHIBIT B**

| 132:24-133:2 | Q. Do you know that this estimator never checked with the local building department to find out whether this estimate met local building codes?<br>A. No. | Objection assumes facts. | This question does not assume facts. The estimator (Timothy Yawn) testified that he did not do any research into applicable building codes because it was "the responsibility of the engineer in charge." **Exhibit B**, Deposition of Timothy Yawn at 49:5-8. |
|---|---|---|---|
| 170:24-5 | Q. Okay, that's consistent with only providing certain information to the insured, correct?<br>A. Only providing certain information to the insured? As I said earlier, information that relates to the claim payment was shared, but estimates, independent adjuster reports would not be shared. It's kind of misleading and confusing, in my opinion. | Objection vague. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question or answer based on a claim that the question is vague, but did not do so during the deposition, such objections are waived.<br><br>Moreover, the testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters with respect to not providing all claim information to an insured which is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim. Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim. This question relates to prior testimony regarding the withholding of reports and estimates from Plaintiff, and relates to Plaintiff's claim that AmGUARD deliberately withheld this relevant claim information from Plaintiff. |
| 186:21-23 | Q. Okay. Does GUARD train and expect its adjusters to consider all available information?<br>A. Yes. | Objection vague. Incomplete hypothetical. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at |



**EXHIBIT B**

| | | | |
|---|---|---|---|
| | | | that time." To the extent AmGUARD is now objecting to a question or answer based on a claim that the question is vague or presents an incomplete hypothetical, but did not do so during the deposition, such objections are waived.<br><br>Moreover, the testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters which is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim. Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages relating to AmGUARD's adjustment of Plaintiff's insurance claim. |
| 186:24-187:3 | Q. Does GUARD train its adjusters to give preference to the opinions of its own consultants over the countering opinions of an insurance consultant?<br>A. No, there is no official document that says that. | Objection vague. Incomplete hypothetical. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question or answer based on a claim that the question is vague or presents an incomplete hypothetical, but did not do so during the deposition, such objections are waived.<br><br>Moreover, the testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of AmGUARD regarding the training provided to its claim adjusters which is directly relevant to whether AmGUARD met insurance industry standards in the handling of Plaintiff's claim. Such testimony is directly relevant to Plaintiff's claims for bad faith and punitive damages |



EXHIBIT B

| | | | |
|---|---|---|---|
| | | | relating to AmGUARD's adjustment of Plaintiff's insurance claim. |
| 199:2-6 | Q. So if plaintiff could have asked to be paid sooner through the appraisal process, would that potentially be a delay in collecting money that plaintiff is responsible for?<br>A. Yes. | Objection. This witness was testifying on behalf of AmGUARD pursuant to Rule 30(b)(6). The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not the personal opinions and beliefs of the individual deponent. *See Sprint Commc'ns Co.*, 236 F.R.D. at 527. This testimony calls for speculation (earlier request for appraisal) and espouses a personal belief, not the collective knowledge of AmGUARD. | |
| 204:14-23 | Q. Now, you were asked whether it was necessary for the engineer to see the independent adjuster's report to perform an inspection, and you said, no, it's not necessary. What is that opinion based on?<br>A. It's based on my personal belief that for him to go out and do an objective inspection, he doesn't need other reports. I want him to provide his objective inspection of what he sees. He is our eyes and ears on the ground. | Objection. This witness was testifying on behalf of AmGUARD pursuant to Rule 30(b)(6). The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not the personal opinions and beliefs of the individual deponent. *See Sprint Commc'ns Co.*, 236 F.R.D. at 527. This testimony calls for speculation and espouses a personal belief, not the collective knowledge of AmGUARD. | |
| 205:14-17 | Q. And but GUARD was provided with information that the repairs could not be completed. Do you remember that?<br>A. I do. | Objection. Misstates the evidence. At most, GUARD was provided with an ITEL report showing no cosmetic match available. | Federal Rule of Civil Procedure 32(d)(3)(B) clearly states that "an objection to an error or irregularity at oral examination is waived if" it relates to the "form of a question or answer... or other matters that might have been corrected at that time." To the extent AmGUARD is now objecting to a question or answer based on a claim that the question or answer misstates evidence, but did not do so during the deposition, such objections are waived.<br><br>Moreover, this question is consistent with the evidence. AmGUARD was provided with an |



**EXHIBIT B**

| | | | |
|---|---|---|---|
| | | | ITEL report which its claim supervisor (Nona Loftus) testified would require replacement of the roofing system. AmGUARD was also provided with a letter from the City of Thornton (Exhibit 61) that the partial replacement of asphalt roof covering materials on a single slope is not allowed. AmGUARD was provided with an engineering report (Stipulated Exhibit 46) and was also provided with a letter from the contractor for Ash Meadows regarding impossibility of repairs to windows. (Stipulated Exhibit 48). |



**EXHIBIT B**